IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEROME L. GRIMES, | ) | No. C 15-5605 JSW (PR) |
| Plaintiff, | ) | |
| | ) | **ORDER OF DISMISSAL;** |
| v. | ) | **DENYING LEAVE TO** |
| | ) | **PROCEED IN FORMA** |
| | ) | **PAUPERIS** |
| DEPUTY BELL, et al., | ) | |
| Defendants. | ) | (Dkt. No. 4) |
| _____ | ) | |

Plaintiff, a jail inmate in Orlando, Florida, has filed this pro se civil rights case. On May 18, 2000, this Court informed Plaintiff that under the "three-strikes" provisions of 28 U.S.C. § 1915(g) he generally is ineligible to proceed *in forma pauperis* in federal court with civil actions filed while he is incarcerated. *See Grimes v. Oakland Police Dept.*, C 00-1100 CW (Order Dismissing Complaint, 5/18/00). Since then, Plaintiff has continued to file hundreds of civil rights actions seeking *in forma pauperis* status. With respect to each action filed, the Court conducts a preliminary review to assess the nature of the allegations and to determine whether Plaintiff alleges facts which bring him within the "imminent danger of serious physical injury" exception to § 1915(g). In the past, Plaintiff has routinely been granted leave to amend to pay the full filing fee and to state cognizable claims for relief, but he has habitually failed to do so. For example, in 2003 alone Plaintiff's failure to comply resulted in the dismissal of approximately thirty-six actions under § 1915(g).

In accord with this ongoing practice, the Court has reviewed the allegations in the

present action and finds that Plaintiff alleges no facts which bring him within the "imminent danger" clause. As in his many prior cases, the complaint herein makes highly implausible and sometimes unintelligible allegations. Plaintiff has been informed on numerous occasions that allegations and claims such as these do not establish imminent danger nor do they state cognizable claims for relief. Therefore, it would be futile to grant Plaintiff leave to amend.

Accordingly, the application for leave to proceed in forma pauperis is DENIED and this case is DISMISSED without prejudice under § 1915(g). If Plaintiff is so inclined, he may bring his claims in a new action accompanied by the $400.00 filing fee. In any event, the Court will continue to review under § 1915(g) all future actions filed by Plaintiff while he is incarcerated in which he seeks *in forma pauperis* status.

The Clerk of the Court shall close the file and terminate all pending motions.

IT IS SO ORDERED.

DATED: January 28, 2016

JEFFREY S. WHITE
United States District Judge